**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mortimer Alexander Hylton,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-20-02058-PHX-DJH<br><br>**ORDER** |

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) and the Report and Recommendation from Magistrate Judge Camille D. Bibles ("R&R") (Doc. 23). The R&R recommends that the Petition be denied. Petitioner filed an Objection (Docs. 24, 25) to which Respondents responded (Doc. 26). Petitioner has also filed a reply (Doc. 27). The Court will adopt the R&R as the order of this Court.

**I.    The R&R**

After Petitioner unsuccessfully sought permission to file a second or successive habeas petition from the Ninth Circuit Court of Appeals (Docs. 13, 20), Judge Bibles denied the Petition because it was an unauthorized second or successive habeas petition. (Doc. 23 at 6). Judge Bibles also recommends denial of a Certificate of Appealability and leave to proceed *in forma pauperis* because "Petitioner has not made a substantial showing of the denial of a constitutional right." (Doc. 23 at 7). The parties were advised by Judge Bibles that they had "fourteen days from the date of service of a copy of this

recommendation within which to file specific written objections with the Court." (*Id.*) (*citing* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72).

## II.    Petitioner's Objection and Reply

In his Objection and Reply, Petitioner reargues the merits of his Petition. He does not address the R&R or identify any specific objection to its conclusion.

## III.   Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

## IV.    Analysis

The Court finds that it has no independent obligation to engage in a *de novo* review of the R&R. Petitioner does not object to any specific portion of Judge Bible's findings. Instead, Petitioner reiterates arguments he advances in his Petition. As Judge Bibles found, this Court is unable to assess the merits of the Petition because the Ninth Circuit refused to authorize it as a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Petitioner's failure to identify any flaws in the R&R has the same effect as a complete failure to object. *See Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)) ("Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object.").

Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R and the applicable law, and can find no reason why, without authorization from the Ninth Circuit, Petitioner's second or successive Petition should be allowed to proceed. His Objections are therefore overruled.

**V.      Conclusion**

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bible's Report and Recommendation (Doc. 23) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 15th day of November, 2022.

Honorable Diane J. Humetewa
United States District Judge